Daniel H. Chang (State Bar No. 183803)
**DIVERSITY LAW GROUP, P.C.**
444 S. Flower Street
The Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
dchang@diversitylaw.com

Seth Natter, *Pro Hac Vice*
**NATTER & NATTER**
501 Fifth Avenue, Suite 808
New York, New York 10017
(212) 840-8300
snatter@natter-natter.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JR CATERERS, INC., a New York corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>EAST COAST FOODS, INC., a California corporation doing business as COTTON CLUB WEST; HERBERT HUDSON, an individual; and DOES 1 through 50, inclusive<br><br>        Defendants. | Case No. CV 07-3633 AHM (AGRx)<br><br>**FINAL ORDER AND JUDGMENT ON STIPULATION** |

///

///

**1**
**FINAL ORDER AND JUDGMENT ON STIPULATION**

THE COURT, HAVING BEEN ADVISED BY THE PARTIES that they have agreed upon a basis for resolution and adjudication of the issues presented in this action and desire to settle the controversy between them without further court intervention, hereby

ORDERS, ADJUDGES AND DECREES, as and between the Parties hereto, as follows:

1. This Court has jurisdiction over the Parties to this action and over the subject matter thereof.

2. Plaintiff JR CATERERS, INC. ("Plaintiff") is the owner of the service mark "COTTON CLUB," said mark being registered in the United States Patent and Trademark Office on the Principal Register, Registration Nos. 1,672,252 and 2,193,515, which registrations are valid, subsisting and in full force and effect.

3. At all times hereinafter, Defendants EAST COAST FOODS, INC., and SHORELINE FOODS, INC., their officers, agents, directors, servants and employees, and all persons in active concert or participation therewith, are restrained and enjoined from;

    (a) infringing Plaintiff's mark COTTON CLUB by using or applying the words or marks COTTON CLUB WEST or COTTON CLUB or any colorable variation thereof or any other mark confusingly similar to COTTON CLUB in conjunction with rendering, providing, advertising, soliciting, promoting or selling entertainment services, bar services, catering services or restaurant services;

    (b) facilitating or assisting others in infringing Plaintiff's mark COTTON CLUB by using or applying the words or marks COTTON CLUB WEST or COTTON CLUB or any colorable variation thereof or any other mark confusingly similar to COTTON CLUB in conjunction with rendering, providing, advertising, soliciting, promoting or selling entertainment services, bar services, catering services or restaurant services;

        (c)    permitting others to infringe Plaintiff's mark COTTON CLUB by using or applying the words or marks COTTON CLUB WEST or COTTON CLUB or any colorable variation thereof or any other mark confusingly similar to COTTON CLUB in conjunction with rendering, providing, advertising, soliciting, promoting or selling entertainment services, bar services, catering services or restaurant services at any premises operating under an Alcoholic Beverage License issued to any of said Defendants or any other entity owned, controlled, managed or having a common officer with any of said Defendants;

        d)    permitting others to infringe Plaintiff's mark COTTON CLUB by using or applying the words or marks COTTON CLUB WEST or COTTON CLUB or any colorable variation thereof or any other mark confusingly similar to Plaintiff's COTTON CLUB mark in conjunction with rendering, providing, advertising, soliciting, promoting or selling entertainment services, bar services, catering services or restaurant services at any premises leased, owned or controlled by any of said Defendants or any other entity owned, controlled, managed or having a common officer with any of said Defendants.

4.    The Parties have entered into a Confidential Settlement Agreement; therefore, this judgment is awarded without costs, damages or attorney's fees to any party.

5.    The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this order and judgment and for enforcement of the Confidential Settlement Agreement.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**3**
**FINAL ORDER AND JUDGMENT ON STIPULATION**

1  6. Except as provided herein, the pleadings are dismissed without
2 prejudice as to HERBERT HUDSON, individually, and in all other respects, the
3 pleadings by all parties are dismissed with prejudice.

4  IT IS SO ORDERED.

6 Dated: March 13, 2008

8 **Make JS-6**    Hon. A. Howard Matz
  United States District Judge

DIVERSITY LAW GROUP
A PROFESSIONAL CORPORATION

**4**
**FINAL ORDER AND JUDGMENT ON STIPULATION**